IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DERRICK M. ALLEN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:21CV146 |
| ) | |
| CORRECT CARE SOLUTIONS, et al., ) | |
| ) | |
| Defendant(s). ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Derrick M. Allen, Sr., a prolific pro se litigator who at that time was a pretrial detainee in Durham, North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). His Complaint (Docket Entry 2) names as Defendants: 1) the Durham County Detention Facility's healthcare provider, Correct Care Solutions, 2) Nurse Slade, a nurse at the Detention Facility, 3) Durham County Sheriff Clerance F. Birkhead, 4) the Durham County Detention Facility itself, and 4) a supervisor at the Detention Facility, Captain Russell. The Complaint generally alleges that Plaintiff was wrongfully denied soy milk and snack bags as part of his diet. The Complaint states that Plaintiff suffered no actual injury, but seeks compensatory and punitive damages totaling $20,000.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this

Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the
(continued...)

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

As stated above, Plaintiff's claim is that Defendants improperly denied him soy milk and snack bags. Plaintiff alleges in another case he filed in this Court that he entered the Durham County Detention Facility on August 23, 2020. <u>Allen v. Birkhead</u>, No 1:21CV7 , Docket Entry 2, § VI(C) (M.D.N.C). The current Complaint alleges that on February 5th, 2021, Plaintiff "submitted an [sic] paper health care request--requesting soy milk as an alternative for regular milk." (Docket Entry 2, § III(D). It adds that Plaintiff had been diagnosed by an unidentified person at an unidentified time as lactose intolerant and that he also asked to be given snack bags and placed on a 2500 calorie diet. (<u>Id.</u>) An unidentified nurse denied the request without having Plaintiff see a doctor. (<u>Id.</u>) The Complaint attributes the nurse's denial to pressure from Officer Elmore, who works at the Detention Facility. (<u>Id.</u> Attached Page.)

The Court first notes that Defendant Durham Detention Facility is a building and not a person. Only persons are amenable to suit under § 1983. The Detention Facility is not a proper Defendant and should be dismissed from the case. The Complaint also names Defendants Sheriff Birkhead and Captain Russell as supervisors over the Detention Facility and/or its officers, which means that they could potentially be substituted for the Facility. However, the Complaint also provides no basis for liability on their part other than their

---

[1](...continued)
court to infer 'more than the mere possibility of misconduct.'" (quoting <u>Erickson</u>, 551 U.S. at 94, and <u>Iqbal</u>, 556 U.S. at 697, respectively)).

supervisory roles.  Theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  Therefore, the attempted claims against Defendants Birkhead and Russell also fail and they should be dismissed from the case.  Similarly, the Complaint provides no basis for liability on the part of Defendant Wellpath, but appears to name it only as a supervisor of Defendant Slade.  Again, this is not a sufficient basis for liability and the Court should also dismiss the claim against Defendant Wellpath.

At this point, only Defendant Nurse Slade remains.  The Complaint actually makes no specific allegation as to her either, but it may be that she was the unidentified nurse who denied Plaintiff's dietary request.  It is also possible that Plaintiff listed her only in her capacity as a supervisor given that the Complaint refers to her as the "Director of Nurse(s)." (Docket Entry 2, § I(B).)  If it is the latter, she should be dismissed for the same reason as Defendants Birkhead, Russell, and Wellpath.  However, even if Defendant Slade is the nurse who denied Plaintiff's dietary request, the claim against her still fails because Plaintiff states no proper claim for relief.  Plaintiff has no general federal constitutional right to a diet of his choosing.  However, the Complaint at one point references the claim as one of deliberate indifference to Plaintiff's medical needs.  (Id., § VII(E).)  Deliberate indifference to a serious medical need can state a claim under § 1983.  Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).  However, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it."  Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999).  Further,

-4-

> [a] medical need qualifies as serious if it "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." [Iko, 525 F.2d at 241] (internal quotation marks omitted). A defendant displays deliberate indifference where he possesses knowledge of the risk of harm to an inmate and knows that "his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." Id. (emphasis and internal quotation marks omitted); see also Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) ("To prove deliberate indifference, plaintiffs must show that 'the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" (brackets in original) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994))).

Durand v. Charles, No. 1:16CV86, 2016 WL 7495811, at *4 (M.D.N.C. Dec. 30, 2016) (unpublished), report and rec. adopted, 2017 WL 389108 (M.D.N.C. Jan 26, 2017).

Here, the Complaint sets out no facts demonstrating a serious medical need on the part of Plaintiff, much less that Defendant Slade showed deliberate indifference. Plaintiff was incarcerated in the Detention Facility for more than five months before suddenly making a statement that he had been "diagnosed" as lactose intolerant. It is not clear how he was "diagnosed" while incarcerated given that one of the allegations in the Complaint is that the nurse denied his dietary request without allowing him to see a doctor. In any event, the Complaint reports no symptoms that would qualify as a serious medical need whether actually diagnosed by a medical professional or only suspected by Plaintiff. It also affirmatively states that Plaintiff suffered no injury from the condition or the denial of his request. This is significant, because lactose intolerance alone is generally not sufficient to qualify as a serious medical need. See Obataiye-Allay v. Clarke, No. 7:15CV00350, 2016 WL 4197607, at *2-3 (W.D. Va. Aug. 8, 2016) (concluding that failure to provide a special diet to inmates who had lactose intolerance, but not a true dairy allergy, did not violate the

Eighth Amendment). Considering the lack of any injury in the present case, it clearly was not a serious medical need for Plaintiff, who alleges nothing more than unspecified intolerance. He did not even raise the issue for months and only made his request days before his release. (See Docket Entry 3.) The Complaint fails to state a viable claim for relief and should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $8.20. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $8.20.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of April of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid. Plaintiff has now been released from custody, but a copy of this order will be sent to his former trustee so that they are aware of the debt should he reenter custody.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 4th day of March, 2021.

>/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**